IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

BRYAN DOUGLAS NICHOLSON,

    Petitioner,

v.

CASEY HAMILTON,

    Respondent,

Case No. 23-CV-377-JFH-GLJ

## OPINION AND ORDER

Petitioner Bryan Douglas Nicholson ("Nicholson"), an Oklahoma prisoner appearing through counsel, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of McCurtain County, Case No. CF-2017-318. Dkt. Nos. 2 and 8. Respondent Casey Hamilton ("Respondent"), by and through the Attorney General of the State of Oklahoma, Gentner F. Drummond, responded to the Petition for Writ of Habeas Corpus ("Petition") contending Nicholson's two claims for relief are procedurally barred. Dkt. No. 13. Having considered the Petition [Dkt. No. 2], Brief in Support of Petition [Dkt. No. 8], Respondent's Response in Opposition to Petition [Dkt. No. 13] and applicable law, the Court finds and concludes that the Petition shall be denied.

### RESPONSE TO THE TENTH CIRCUIT'S ORDER

The United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") invited this Court to respond to Nicholson's Writ of Mandamus on January 23, 2026. Dkt. No. 18. The Court first addresses Nicholson's Writ of Mandamus. It is well known that this Court has experienced unprecedented caseloads and jurisdictional complexities since the Supreme Court's decision in

*McGirt v. Oklahoma,* 591 U.S. 894 (2020).[1]  *See United States v. Daniels,* Case No. 23-CR-209-RAW, 2024 WL 2158672, at * 1, n.1 (E.D. Okla. May, 8, 2024) (unpublished)[2] (categorizing the shockwaves of *McGirt* as "the ongoing *McGirt* crisis").  *McGirt* imposed federal "jurisdiction over the apprehension and prosecution of major crimes by or against Indians in a vastly expanded Indian Country."  *State ex rel. Matloff v. Wallace,* 497 P.3d 686, 692 (Okla. Crim. App. 2021).  *McGirt*'s holding has been extended to other reservations as well.[3]  As Chief Justice Roberts recognized in his *McGirt* dissent, "the share of serious crimes committed by 10%–15% of the 1.8 million people in eastern Oklahoma, or of the 400,000 people in Tulsa, is no small number."  *McGirt,* 591 U.S. at 971 (Roberts, C.J., dissenting).  The practical effect of *McGirt* was an immediate increase of more than 400% in the Eastern District of Oklahoma and nearly 200% in the number of criminal cases filed in the Northern District of Oklahoma.  *See* U.S. Courts, Judiciary Supplements Judgeship Request, Prioritizes Courthouse Projects (Sept. 28, 2021), https://www.uscourts.gov/news/2021/09/28/judiciary-supplements-judgeship-request-prioritizes-courthouse-projects.  Indeed, the Supreme Court has since recognized the "significant challenge for the Federal Government and for the people of Oklahoma" in the wake of *McGirt*.  *Oklahoma*

---

[1] In *McGirt*, the Supreme Court held that Oklahoma lacked jurisdiction to prosecute the criminal defendant in that case because the defendant was Native American and he committed his crime within the boundaries of the Muscogee Creek Nation Reservation, a reservation that the *McGirt* Court determined was "Indian country" for purposes of the Major Crimes Act, 18 U.S.C. § 1153(a), because Congress never disestablished the reservation.  *McGirt*, 591 U.S. at 897-900, 923-925.

[2] The Court cites all unpublished decisions herein as persuasive authority.  Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[3] *See, e.g., Hogner v. State*, 500 P.3d 629 (Okla. Crim. App. 2021) (Cherokee Reservation) (overruled on other grounds by *Doe v. Parish*, 541 P.3d 833 (Okla. Crim. App. 2023)); *Grayson v. State*, 485 P.3d 250 (Okla. Crim. App. 2021) (Seminole Reservation); *Sizemore v. State*, 485 P.3d 867 (Okla. Crim. App. 2021) (Choctaw Reservation); *Bosse v. State*, 499 P.3d 771 (Okla. Crim. App. 2021) (Chickasaw Reservation).

*v. Castro-Huerta*, 597 U.S. 629, 635 (2022). And numerous federal courts have "noted *McGirt*'s tremendous impact." *United States v. Budder*, 601 F. Supp. 3d 1105, 1114 (E.D. Okla. 2022) (collecting cases).

*McGirt*'s impact looms large. Complicating the unprecedented challenges following *McGirt* is that the undersigned is the half-time judge in the Eastern District and the half-time judge in the Northern District of Oklahoma. The undersigned outlines these factors, not as an excuse, but simply to provide the proper backdrop to any perceived delay. This Court operates as expeditiously and as thoroughly as possible under the current realities while still giving each case the consideration due.

The Court now turns to the merits of Nicholson's Petition.

**BACKGROUND**

Nicholson was tried by a jury and found guilty of Child Sexual Abuse (Count 1), Lewd or Indecent Acts to a Child Under 16 (Count 2) and of Possession of Child Pornography (Counts 6 and 7), all after former conviction of a felony. Dkt. No. 13-3 at 1.[4] Nicholson was sentenced to life imprisonment on each of Counts 1 and 2, and twenty (20) years imprisonment on each of Counts 6 and 7. *Id.* Counts 1 and 2 were ordered to run concurrently with each other but consecutively to the sentences for Counts 6 and 7, which were to be served concurrently with each other. *Id.*

Subsequently, Nicholson filed a counseled, direct appeal of his convictions in the Oklahoma Court of Criminal Appeals ("OCCA"), Case No. F-2018-1189. *See* Dkt. No. 13-1. On April 9, 2020, the OCCA affirmed Nicholson's convictions. Dkt. No. 13-3. Nicholson then filed a *pro se* Motion for Review of Case on May 19, 2020. Dkt. No. 13-4. The OCCA construed the

---

[4] The Court's citations refer to the CM/ECF header pagination.

Motion for Review as a petition for rehearing and, on June 1, 2020, denied it because it was untimely and not filed by counsel of record. Dkt. No. 13-5.

On July 9, 2020, the Supreme Court of the United States decided *McGirt*. *McGirt,* 591 U.S. 894. On July 22, 2020, Nicholson filed a *pro se* Motion to Vacate Judgment and Sentence in McCurtain County District Court, claiming he is an Indian, his victims are Indians, that his crimes occurred within the boundaries of the Choctaw Nation and that he was entitled to relief pursuant to *McGirt*. Dkt. No. 13-6. On August 30, 2020, Nicholson's convictions became final when he did not file a petition for certiorari with the Supreme Court of the United States. Sup. Ct. R. 13.

On October 19, 2020, Nicholson filed four (4) Applications for Post-Conviction Relief, one for each count, again arguing he was entitled to relief pursuant to *McGirt*. *See* Dkt. Nos. 13-7 through 13-10. On April 15, 2021, the state district court granted Nicholson's Applications for Post-Conviction Relief, dismissed the case, and stayed its order until April 21, 2021. Dkt. No. 13-11. The State did not appeal from the state district court order granting post-conviction relief and dismissing the case. Dkt. No. 13-14 at 15.

On August 12, 2021, the OCCA issued its opinion in *Wallace,* 497 P.3d at 688, wherein it held that *McGirt* would not be applied retroactively in post-conviction proceedings to void a criminal judgment that was final before *McGirt* was decided. As a result, on August 17, 2021, the State of Oklahoma filed a Motion to Vacate dismissal based on *Wallace* and asked the state district court to vacate its dismissal of Nicholson's case. Dkt. No. 13-12. On August 26, 2021, the state district court granted the State of Oklahoma's Motion to Vacate and found its previous dismissal was void as unauthorized by state law as set out in *Wallace.* Dkt. No. 13-13. Nicholson did not perfect an appeal of the state district court's order. *See* Dkt. No. 8 at 7; Dkt. No. 13-14 at 16; Dkt. No. 13-23 at 2.

Then, on January 27, 2022, Nicholson filed a Request to Reconsider and Rescind in state district court requesting the state district court to reconsider its August 26, 2021 order. Dkt. No. 13-15. Next, on April 11, 2022, Nicholson filed a *pro se,* second Application for Post-Conviction Relief ("Second Application") claiming he was entitled to relief because his convictions were not final before *McGirt* was decided and *Wallace* was applied to him in error. Dkt. No. 13-16. On August 1, 2022, Nicholson, through counsel, filed a Motion to Supplement Post-Conviction Application reiterating his position that he was entitled to relief under *McGirt*, *Wallace* was inapplicable to his case and adding a claim for ineffective assistance of appellate counsel. Dkt. No. 13-18. The state district court entered Findings of Facts and Conclusions of Law on January 20, 2023, denying Nicholson's Second Application. Dkt. No. 13-20.

Nicholson, through counsel, then filed an appeal of state district court's order denying his Second Application. Dkt. Nos. 13-21 and 13-22. On May 22, 2023, the OCCA affirmed the state district court's denial of post-conviction relief. Dkt. No. 13-23. Nicholson then turned to this Court on November 3, 2023, filing a Petition for Writ of Habeas Corpus. Dkt. No. 2.

Nicholson raises two claims: the State of Oklahoma did not have jurisdiction under *McGirt* and he received ineffective assistance of appellate counsel due to appellate counsel's failure to raise a *McGirt* claim on direct appeal. *See* Dkt Nos. 2 and 8. As noted, Respondent argues federal habeas review of Nicholson's claims is prohibited because the OCCA applied independent and adequate state procedural bars. Dkt. No. 13. Nicholson's counsel did not submit a Reply in support of his Petition. However, Nicholson did submit a *pro se* "Notice to the Court" wherein he

challenges Respondent's contention that he did not appeal the state district court's order reinstating his conviction. *See* Dkt. No. 14.[5]

## ANALYSIS

Under the doctrine of procedural default, federal courts are precluded from "consider[ing] issues on habeas review that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *McCracken v. Gibson*, 268 F.3d 970, 976 (10th Cir. 2001) (internal quotation marks omitted). "To be independent, the procedural ground must be based solely on state law." *Cole v. Trammell*, 755 F.3d 1142, 1159 (10th Cir. 2014) (internal quotation marks omitted). To be adequate, a state procedural ground "must be strictly or regularly followed and applied evenhandedly to all similar claims." *Id.* (internal quotation marks omitted). When the state pleads the affirmative defense of a state procedural bar, "the burden to place that defense in issue shifts to the petitioner," who must, at a minimum, provide "specific allegations ... as to the inadequacy of the state procedure." *Hooks v. Ward*, 184 F.3d 1206, 1217 (10th Cir. 1999).

### I.     The OCCA's Decision

Nicholson presented the claims he raises here to the OCCA when he appealed the denial of his Second Application. *Compare* Dkt. Nos. 2 and 8 *with* Dkt. No. 13-22. Nicholson argued his appellate counsel was ineffective for failing to raise a *McGirt* claim on direct appeal by filing a motion to recall the mandate or a motion for new trial. Dkt. No. 13-22 at 17. Nicholson also

---

[5] A review of the state court docket sheet reveals the state district court received a "Letter from Defendant" on September 10, 2021. Dkt. No. 13-14 at 16. Nicholson characterizes this filing as an "Intent to Appeal." *See* Dkt. No. 14 at 2. However, there is no indication from the record that Nicholson perfected an appeal. *See* Dkt. No. 13-14, generally. And Nicholson's counsel concedes he did not perfect an appeal. Dkt. No. 8 at 7 ("In light of *Matloff,* the district court un-granted relief on August 26, 2021. Petitioner did not appeal this subsequent order to the OCCA.").

claimed "*McGirt* directs relief in Petitioner's favor." *Id.* at 10-16. In support of his *McGirt* claim, Nicholson argues: 1) *Wallace* did not apply to his conviction, which was not final when *McGirt* was decided; 2) *McGirt* did apply to his conviction necessitating relief; and 3) the state district court's application of *Sizemore v. State*, 485 P.3d 867 (Okla. Crim. App. 2021),[6] was erroneous. *See id.* The OCCA did not reach the merits of Nicholson's claims. Dkt. No. 13-23. Instead, the OCCA applied procedural bars to both claims. The OCCA reasoned:

> Petitioner first filed his first application for post-conviction in Case No. CF-2017-318 on October 19, 2020, arguing he is entitled to relief based on *McGirt*. The trial court granted the application on April 7, 2021, and ordered his release. Following this Court's decision in *State ex rel. Matloff v. Wallace,* 2021 OK CR 21, 497 P.3d 868, *cert. denied,* 142 S. Ct. 757 (2022), the trial court vacated its order granting relief and entered an order denying petitioner post-conviction relief on August 26, 2021. Petitioner did not initiate a timely appeal of this order.[1]
>
> > [1] Rule 5.2(C)(1), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2023), mandates the filing of the written notice of post-conviction appeal with the trial court clerk within twenty days from the date the order is filed in the trial court. The filing of the notice of post-conviction appeal with the trial court clerk is jurisdictional and failure to timely file constitutes waiver of the right to appeal. *See also Pershall v. State,* 2017 OK CR 13, 400 P.3d 871.

Dkt. No. 13-23 at 2. The OCCA continued:

> Petitioner was fully afforded the opportunity for post-conviction relief in his previous application. Petitioner has failed to establish entitlement to any relief in this subsequent post-conviction proceeding. "In the interests of efficiency and finality, our judicial system employs various doctrines to ensure that issues are not endlessly re-litigated." *Smith v. State,* 2013 OK CR 14, ¶ 14, 306 P.3d 557, 564. All issues that were previously raised and ruled upon in direct appeal proceedings or previous post-conviction proceedings are barred as res judicata, and all issues that could have been raised in those previous proceedings but were not are waived, and may not be the basis of a subsequent post-conviction application. 22 O.S. 2011 § 1086; *Fowler v. State,* 1995 OK CR 29, ¶ 2, 896 P.2d 566, 569. Post-conviction review is not an opportunity for a second chance to argue claims of error in hopes

---

[6] In *Sizemore,* applying *McGirt*'s reasoning, the OCCA held Oklahoma lacked jurisdiction to prosecute an Indian defendant for crimes committed on the Choctaw Nation Reservation. *See Sizemore*, 485 P.3d at 871, *cert. denied*, 142 S. Ct. 935 (2022).

that doing so in a different proceeding may change the outcome. *Turrentine v. State,* 1998 OK CR 44, ¶ 12, 965 P.2d 985, 989. "Simply envisioning a new method of presenting an argument previously raised does not avoid the procedural bar." *McCarty v. State,* 1999 OK CR 24, ¶ 9, 989 P.2d 990, 995. "Appellate jurisprudence was not created or designed to allow a person conviction of a crime to continually challenge a conviction with new assertions of error." *Mayes v. State,* 1996 OK CR 28, ¶ 14, n.3, 921 P.2d 367, 372, n.3.

Petitioner's propositions of error either were or could have been raised in his previous application for post-conviction relief, and are thus barred by res judicata or waived. 22 O.S. 2011, § 1086; *Fowler,* 1995 OK CR 29, ¶ 2, 896 P.2d at 569. He has not established any sufficient reason for not asserting or inadequately raising his current grounds for relief in his previous application for post-conviction relief. *Id.* Therefore, the order of the District Court of McCurtain County denying Petitioner's subsequent application for post-conviction relief in Case No. CF-2017-318 should be, and is hereby, **AFFIRMED.**

Dkt. No. 13-23 at 2-4.

## II. The Parties' Positions

Nicholson recognizes the OCCA applied a procedural bar to his claims. *See* Dkt. No. 8 at 10-15, 20. Nicholson contends the procedural bar that was applied to his case by the OCCA "is not adequate to defeat federal review." *Id.* at 11. While not coherently presented, the Court understands Nicholson's position is that in somewhat similar cases the OCCA has excused the State of Oklahoma's failure to comply with Rule 5.2(C)(1). Dkt. No. 8 at 10-15, 20; *see also* Dkt. No. 13-24.[7] However, in his case, the OCCA enforced Rule 5.2(C)(1) and declined to reach the merits of his appeal based on his failure to appeal the order reinstating his convictions. *See id.* at

---

[7] Nicholson cites to *Neasbitt v. Coppedge,* Case No. PR-2021-1478 (Okla. Crim. App. Nov. 4, 2022). *See* Dkt. No. 8 at 13; *see also* Dkt. No. 8-. In the *Neasbitt v. Coppedge* case, a criminal defendant was granted post-conviction relief based on *McGirt* and released from state custody. Dkt. No. 13-24. Subsequently, the state district court issued a post-*Wallace* ruling granting the State's request to vacate the order granting post-conviction relief, despite the State's failure to file a postconviction appeal, and reinstating the defendant's conviction. *Id.* The OCCA concluded that "the District Court retained jurisdiction to vacate or modify its previous order granting post-conviction relief because dismissal of Petitioner's judgment and sentence was unauthorized under Oklahoma law." *Id.* at 6.

8

10-15, 20. Therefore, Nicholson argues, the application of Rule 5.2(C)(1) is not an adequate state procedural ground.[8] Nicholson did not address the OCCA's application of Okla. Stat. 22, § 1086 at all. *See* Dkt. No. 8 at 10-15, 20.

Respondent contends the OCCA applied Okla. Stat. 22, § 1086 to Nicholson's ineffective assistance of counsel claim and Rule 5.2(C)(1) to Nicholson's *McGirt* claim. *See* Dkt. No. 13 at 26-34. Respondent argues the application of these procedural bars was adequate barring habeas review. *See id.*[9] As noted, Nicholson did not file a Reply in support of his Petition.

### III.    Analysis of the Procedural Bars

To be adequate, a state procedural ground "must be strictly or regularly followed and applied evenhandedly to all similar claims." *Cole*, 755 F.3d at 1159 (internal quotation marks omitted). "This analysis requires [the Court] to examine in detail the cases in which the state courts

---

[8] Nicholson's position requires additional attention. The typical fact pattern the Court is aware of in the "*Neasbitt* cases" is that the petitioners' applications for post-conviction relief were granted following *McGirt*, the State did not appeal these orders, as required by Rule 5.2(C)(1), and then the OCCA decided *Wallace*. After *Wallace*, the State returned to the state district courts and moved to vacate the orders granting post-conviction relief. The state district courts granted the motions to vacate, and the defendants appealed the orders reinstating their convictions. On appeal, the OCCA overlooked the State's failure to appeal the original order granting post-conviction relief, entertained the defendants' appeals and affirmed the reinstatements of the convictions. *See, e.g.,* Dkt. 13-24; *see also, e.g., Nunley v. Drummond,* Case No. 23-CV-380-CVE-JFJ, 2024 WL 3433660 (N.D. Okla. July 15, 2024) (unpublished); *Graham v. White,* 101 F. 4th 1199 (10th Cir. 2024). Nicholson's case departs from these "*Neasbitt* cases" in that he did not file an appeal challenging the reinstatement of his convictions, instead he opted to file his Second Application months later. Therefore, to an extent, Nicholson is comparing apples and oranges. He has not pointed to a case wherein the State failed to comply with Rule 5.2(C)(1), the State initiated an appeal and the OCCA declined to enforce Rule 5.2(C)(1) against the State.

[9] Respondent analyzes whether the *Harris* presumption applies to Nicholson's case. *See* Dkt. No. 13 at 23-25; *see Harris v. Reed*, 489 U.S. 255, 263 (1989). Nicholson concedes a state procedural bar was applied to his appeal. Dkt. No. 8 at 10 ("the OCCA did not address his federal claims on the merits, choosing instead to invoke an ambiguous form of procedural default[.]"). Considering both parties agree a state procedural bar was applied, the Court need not address the *Harris* presumption.

have <u>failed to apply the procedural bar</u>. If the claims in those cases are similar to the claims in the instant case, that is an indication that the state courts are not strictly or regularly applying the bar." *Gonzales v. Jordan,* 37 F. App'x 432, 435 (10th Cir. 2002) (emphasis added) (internal citations omitted). Thus, the proper focus of the Court's inquiry is similar cases wherein the OCCA has not applied a procedural bar and addressed the merits of a similarly situated defendant.

### A. Okla. Stat. tit. 22, § 1086

The Court first considers the OCCA's application of § 1086 to Nicholson's ineffective assistance of appellate counsel claim. Oklahoma's Uniform Post-Conviction Procedure Act provides:

> All grounds for relief available to an applicant under the Post-Conviction Procedure Act, including claims challenging the jurisdiction of the trial court, must be raised in his or her original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application.

Okla. Stat. tit. 22, § 1086. As detailed above, Nicholson did not raise his ineffective assistance of appellate counsel claim until he supplemented his Second Application. Dkt. No. 13-18. The OCCA concluded Nicholson's ineffective assistance of counsel claim "could have been raised in his previous application for post-conviction relief, and [is] thus … waived. 22 O.S. 2011, § 1086[.]" Dkt. No. 13-23 at 4.

Nicholson did not address the independence or adequacy of the OCCA's application of § 1086. *See* Dkt. Nos. 2 and 8. Courts routinely find Oklahoma's waiver rule is both independent and adequate. *See e.g.*, *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008) ("The waiver of claims not brought on direct appeal is based on state law, *see* 22 Okla. Stat. tit. 22 § 1086, and this court has found Oklahoma's bar of claims not raised on direct appeal to be independent and

10

adequate with respect to claims other than ineffective assistance of counsel[.]"); *see also Medlock v. Ward*, 200 F.3d 1314, 1323 (10th Cir. 2000) (Noting the Tenth Circuit has "held that Oklahoma's procedural bar to claims not raised on initial post-conviction review is independent and adequate."). It is clear Oklahoma's waiver rule, as codified in Okla. Stat. tit. 22, § 1086, is based solely on state law, and Nicholson provides no argument suggesting it is not regularly followed and evenhandedly applied. *See Cole*, 755 F.3d at 1159. Therefore, the OCCA's application of § 1086 to Nicholson's ineffective assistance of appellate counsel claim is independent and adequate barring habeas review of the claim.

### B. Rule 5.2(C)

Next, the Court considers the OCCA's application of Rule 5.2(C)(1) to Nicholson's *McGirt* claim. Rule 5.2(C) provides:

> (1) The party desiring to appeal from the final order of the District Court under Section V of these Rules MUST file a Notice of Post-Conviction Appeal with the Clerk of the District Court within twenty (20) days from the date the order is filed in the District Court. See Rule 9.7 for post-conviction procedures in capital cases. The filing of the Notice of Post-Conviction Appeal in the District Court is jurisdictional and failure to timely file constitutes waiver of the right to appeal.
>
> (2) A petition in error and supporting brief, WITH A CERTIFIED COPY OF THE ORDER ATTACHED must be filed with the Clerk of this Court. The petition in error shall state the date and in what District Court the Notice of Post-Conviction Appeal was filed. If the post conviction appeal arises from a misdemeanor or regular felony conviction, the required documents must be filed within sixty (60) days from the date the final order of the District Court is filed with the Clerk of the District Court. If post-conviction application is from a capital conviction, the documents must be filed within the time set in Section 1089 of Title 22 and Rule 9.7.
>
> ***
>
> (5) Failure to file a petition in error, with a brief, within the time provided, is jurisdictional and shall constitute a waiver of right to appeal and a procedural bar for this Court to consider the appeal.

Rule 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2023). The Tenth Circuit has considered Rule 5.2(C) under several different fact patterns, such as a petitioner failing to comply with the time requirements of Rule 5.2(C) or failing to file the correct documents in the correct place. Each time the Tenth Circuit concluded Rule 5.2(C) is an adequate state procedural bar.

For example, similar to Nicholson's case, the Tenth Circuit has considered whether the application of Rule 5.2(C) was adequate when the petitioner failed to file the requisite documents in the appropriate court. In *Duvall v. Reynolds,* 139 F. 3d 768 (10th Cir. 1998), the petitioner seeking to appeal the denial of post-conviction relief failed to file a petition in error and the district court's order denying relief as required by Rule 5.2(C). *Duvall,* 139 F.3d at 775. The Tenth Circuit noted:

> After reviewing the relevant case law, we have found no other case in which a petitioner seeking to appeal the denial of post-conviction relief has failed to file a petition in error and the district court's order denying relief. Thus, such a procedural bar is not "firmly established" in a technical sense under Oklahoma case law. <u>Nevertheless</u>, Rule 5.2(C) clearly requires compliance with such procedures. … Thus, we also conclude that the state court's procedural rule was "adequate."

*Id.* at 797 (emphasis added). Furthermore, in *Herd v. Bridges,* Case No. 22-5085, 2024 WL 378003 (10th Cir. Feb. 1, 2024), the petitioner, like Nicholson, failed to file the notice required by Rule 5.2(C)(1) after the denial of his application for post-conviction relief. *Herd*, 2024 WL 378003 at *1. The OCCA "lacked jurisdiction over the entire appeal because Petitioner failed to file a notice required by Rule 5.2(C)(1)." *Id.* The federal district court denied habeas relief and on appeal the Tenth Circuit concluded, "[p]rocedural bars based on lack of jurisdiction under Oklahoma's Rule 5.2(C) are independent and adequate." *Id.* at *2.

In other cases, the Tenth Circuit has found Rule 5.2(C) to be adequate. *See, e.g., Johnson v. Champion*, 288 F.3d 1215, 1226, n.3 (10th Cir. 2002) (application of Rule 5.2(C) was adequate

12

wherein petitioner failed to include with his petition in error a certified copy of the state district court's order); *see also Short v. Jones,* 246 F. App'x 586, 591 (10th Cir. 2007) (noting, "this circuit has specifically found Rule 5.2's procedural bar to be an adequate and independent state ground sufficient to foreclose federal habeas review."); *see also Webster v. Attorney General of State of Oklahoma*, 213 F. App'x 664, 668 (10th Cir. 2007) (finding petitioner's failure to timely seek appellate review from the OCCA as required by Rule 5.2(C) constituted a procedural default of his habeas claim and denying a certificate of appealability).

The Court is unaware of another case with the exact post-conviction history and fact pattern as Nicholson's. However, it is evident the OCCA regularly applies Rule 5.2(C)'s waiver principle to appeals wherein the petitioner failed to comply with Rule 5.2(C)'s requirements, and Rule 5.2(C) has been consistently deemed adequate. The record is clear Nicholson did not perfect an appeal with the OCCA as required by Rule 5.2(C). *See, e.g.,* Dkt. No. 13-14; Dkt. No. 8 at 7. Furthermore, Nicholson does not point to a case wherein the OCCA failed to apply the procedural bar when the state court defendant failed to comply with Rule 5.2(C)'s requirements. The OCCA's application of Rule 5.2(C) was independent and adequate foreclosing habeas review of Nicholson's *McGirt* claim.

## IV. Cause and Prejudice to Overcome the Procedural Bars

Because each of Nicholson's claims were defaulted in state court on independent and adequate state procedural grounds, the Court's review of these claims is foreclosed unless Nicholson can "demonstrate cause and prejudice or a fundamental miscarriage of justice." *McCracken*, 268 F.3d at 976 (internal quotations omitted). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded ... efforts to comply with the state procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). For prejudice, Nicholson

13

must show "'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982).

Nicholson focuses his efforts on attempting to persuade the Court that the procedural bar was inadequate. *See* Dkt. No. 8 at 10-15. Nicholson does not address cause and prejudice to overcome the procedural default. *See id.; see also* Dkt. No. 2 at 6-7 (representing both grounds were raised on direct appeal). On this basis alone, Nicholson has failed to carry his burden to establish cause and prejudice. Nevertheless, from the record, possible arguments in support of cause and prejudice can be gleaned, and the Court will briefly address them below.

### A. Ineffective Assistance of Appellate Counsel

To the extent Nicholson's position is that his *McGirt* claim was not raised on direct appeal due to ineffective assistance of appellate counsel [*see* Dkt. No. 8 at 16-19], this position does not satisfy the cause and prejudice requirements. In certain circumstances, counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default. *Carrier*, 477 U.S. at 488-89. However, the assistance provided by appellate counsel must rise to the level of a constitutional violation. *Id*. Further, "a claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Id*. at 489. An ineffective assistance of counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000). Unless a petitioner can satisfy the "cause and prejudice" standard for the procedurally defaulted ineffective assistance of counsel claim, that claim cannot serve as cause for another procedurally defaulted claim. *Id*.; *see also Mondier v. Franklin*, 04-CV-0629-CVE-FHM, 2008 WL 554995, at *11 (N.D. Okla. Feb. 27, 2008) (unpublished).

14

In this case, Nicholson did not raise a claim of ineffective assistance of appellate counsel until he supplemented his Second Application. Dkt. 13-18. Accordingly, as explained above, Nicholson's ineffective assistance of appellate counsel claim was procedurally defaulted and may not serve as "cause" to overcome the procedural bar applicable to his *McGirt* claim. *See Edwards*, 529 U.S. at 452-53; *see also Mondier*, 2008 WL 554995, at *11 (finding procedurally defaulted ineffective assistance of counsel claim could not serve as "cause" for procedural default of another claim).

### B. Nicholson Attempted to Perfect his Appeal

Further, while not addressed at all by Nicholson's counsel in the Petition or Brief in Support [*see* Dkt. Nos. 2 and 8], Nicholson filed a *pro se* Notice representing he did in fact attempt to appeal the state district court's order reinstating his convictions. *See* Dkt. No. 14. The Court has discretion to ignore Nicholson's Notice as he is represented by habeas counsel. *See United States v. Sandoval-De Lao,* 283 F. App'x 621, 625 (10th Cir. 2008) (When individual parties "have the assistance of counsel, courts need not consider any filings made *pro se.*"); *United States v. Wright*, 370 F. App'x 906, 908 (10th Cir. 2010) ("[C]ourts have discretion to accept or deny *pro se* filings made by represented litigants."); *United States v. Miles*, 572 F.3d 832, 837-38 (10th Cir. 2009) (upholding district court's decision to strike *pro se* motions because defendant was "represented by counsel."). Even if the Court were to consider Nicholson's Notice, Nicholson still has not satisfied the cause and prejudice requirements.

Nicholson attaches a partial record from On Demand Court Records indicating a "Declaration of Intent to File Appeal From Defendant" was filed on August 23, 2021. Dkt. No. 14-5 at 1; *see also* Dkt. No. 13-14 at 16. Nicholson contends the Clerk back dated the filing. Dkt. No. 14-5 at 1. He further contends he filed multiple motions and requests with the McCurtain

15

County District Court as well as the OCCA. Dkt. No. 14 at 1. However, his "attempted appeal was impeded by Pittsburg County Jail and Lexington Assessment and Reception's denial of access to legal materials during [his] stays at their facilit[ies] from April 21, 2021 – March 8, 2022." *Id.* Nicholson contends, "I made every attempt possible to me to obtain an appeal of the State's August 26, 2021, reinstating of my convictions." *Id.*

"'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Such external factors could, for example, include situations where "some interference by officials ... made compliance impracticable." *Id.* (internal quotations and citation omitted). First, Nicholson's Notice focuses on whether he timely filed a notice of appeal. *See* Dkt. No. 14. Nowhere does Nicholson suggest he filed a petition in error with the OCCA or otherwise complied with Rule 5.2(C). *See id.* In fact, Nicholson's counsel concedes he did not appeal the state district court's August 26, 2021 order. Dkt. No. 8 at 7. Finally, during the time frame Nicholson contends he was unable to "access needed legal resources to properly appeal the State's motion to vacate," Nicholson filed various documents with the state district court. Dkt. No. 13-14 at 15-17. The Court cannot glean anything from the record indicating an <u>external</u> factor prevented Nicholson from appealing the state district court's August 26, 2021 order. For these reasons, Nicholson has failed to establish cause and prejudice to excuse the procedural default of his claims.

## V. Fundamental Miscarriage of Justice

Nicholson's only other means of gaining federal habeas review of his defaulted claims is the fundamental miscarriage of justice exception. *Herrera v. Collins*, 506 U.S. 390, 403-404 (1993); *Sawyer v. Whitley*, 505 U.S. 333, 339-341 (1992); *see also Schlup v. Delo*, 513 U.S. 298 (1995). To "demonstrate that a fundamental miscarriage of justice would occur if his claim is

16

procedurally barred[,] . . . a criminal defendant must make a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d at 918, 923 (10th Cir. 2000).  Successful actual innocence claims are rare due to the demanding evidentiary requirements for such claims.  *McQuiggin v. Perkins*, 569 U.S. 383, 386 and 401 (2013); *House v. Bell*, 547 U.S. 518, 538 (2006).

Here, Nicholson has not alleged nor demonstrated he can avail himself to the fundamental miscarriage of justice exception.  *See* Dkt. Nos. 2 and 8.  Therefore, the fundamental miscarriage of justice exception is inapplicable and cannot be used to access habeas review of his claims.

## CONCLUSION

The Court finds and concludes Nicholson cannot obtain federal habeas relief under 28 U.S.C. § 2254.  Nicholson's claims presented in his Petition are procedurally defaulted and Nicholson has not demonstrated cause and prejudice sufficient to allow this Court to consider his claims.  Nor can Nicholson avail himself to the fundamental miscarriage of justice exception.  Accordingly, the Court denies Nicholson's claims as procedurally barred.  The Court further concludes no certificate of appealability shall issue because reasonable jurists would not debate the correctness of this Court's determination that Nicholson's claims are procedurally barred.  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS THEREFORE ORDERED that the Petition [Dkt. No. 2] is DENIED; a certificate of appealability is DENIED; and a separate judgment shall be entered in this matter.

IT IS FURTHER ORDERED that Nicholson's Unopposed Motion for Expedited Review [Dkt. No. 16] is DENIED AS MOOT.

IT IS FURTHER ORDERED that Clerk of Court shall electronically send a copy of this order to the United States Court of Appeals for the Tenth Circuit regarding appellate case no. 25-7098.

Dated this 10th day of February, 2026.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE